## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LINDA SPRINGS,
        Plaintiff

                                Case No. 1:10-cv-213

    vs

                                Weber, J.
                                Litkovitz, M.J.

CINCINNATI CHILDREN'S
HOSPITAL MEDICAL CENTER, et al.,      **REPORT AND RECOMMENDATION**
      Defendants

Plaintiff Linda Springs brings this action pro se for retaliation and race discrimination under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1).[1] Plaintiff names as defendants Cincinnati Children's Hospital Medical Center ("Children's Hospital"), supervisory employee Alan Henry, Department Manager Ann Marie Jenkins, and Human Resources Department employee Erin Gordon (collectively, "individual defendants"). (Doc. 3). This matter is before the Court on the individual defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 18).

### I. PROCEDURAL BACKGROUND

Plaintiff filed the complaint in this action in April 2010. (Doc. 3). The complaint alleges that plaintiff began working at Children's Hospital in the Scheduling Department on October 13, 2008. Jenkins was the Department Manager and Henry was plaintiff's supervisor. On the first

---

[1]Plaintiff does not clearly allege race discrimination in the complaint, but she claims in the discrimination charge she filed with the Equal Employment Opportunity Commission ("EEOC") that she was subjected to a hostile work environment based on her race. (Doc. 8-1).

day of training, plaintiff met another trainee in the Scheduling Department, Angela Whitterson, who is a black female over the age of 40. A few weeks after they had started working, Whitterson approached plaintiff about a troubling email Jenkins had sent Whitterson. Plaintiff read the email and thought it was unprofessional and somewhat personal.[2] From that point on, Jenkins seemed to be less civil with plaintiff. Also, Jenkins frequently emailed Whitterson on seemingly personal matters, Jenkins "blew up" in a memo to Whitterson for referring to Jenkins as "Ann" instead of "Ann Marie," and Jenkins frequently berated Whitterson in front of other employees.

During plaintiff's first 90-day probationary period and throughout her entire tenure with Children's Hospital, her attendance was excellent. Early on, plaintiff received feedback from Henry that she was doing a good job. No one ever gave plaintiff any written warnings or ever informed her that she was a "problem employee." Plaintiff's written scores on the scheduling of calls under a department-wide rating system consistently met or exceeded the required level. Nonetheless, when plaintiff's 90-day probationary period was about to end, she was informed that her probationary period would be extended. When plaintiff inquired as to the reason, Henry told her it was due to "some non-call related concerns." Plaintiff thought that the extension was in retaliation for her having had lunch with Whitterson on occasion.

On or about February 10, 2009, plaintiff met with Gordon in the Human Resources Department. Plaintiff expressed concerns to Gordon about the extension of her probation and indicated that she was unsatisfied with the decision to extend her probation for an additional 90 days. Plaintiff requested written feedback so that she could overcome any concerns there may be. Plaintiff also met with Jenkins and asked why her probation had been extended. Jenkins told

---

[2]Plaintiff does not disclose the contents of the email.

plaintiff she was aware plaintiff had talked to Human Resources and plaintiff needed to begin looking for employment elsewhere.

Plaintiff accepted the extended probation and requested additional training in any areas where she was deemed deficient or which were problematic. She did not receive either the training or the written feedback she had requested. Jenkins told plaintiff several times throughout this time period that plaintiff was not "fit for the job" in the Scheduling Department.

Plaintiff met with the individual defendants on March 27, 2009, and was told it would be her last day at Children's Hospital. Plaintiff subsequently applied for unemployment compensation but was informed she was not eligible because she had resigned.

Plaintiff filed a charge with the EEOC on October 24, 2009, claiming race discrimination and retaliation. (Doc. 8-1). She received a Notice of Right to Sue from the EEOC dated January 6, 2010. (Doc. 3).

## II. THE MOTION TO DISMISS SHOULD BE GRANTED

Defendants Gordon, Henry and Jenkins contend that the complaint fails to state a claim upon which relief can be granted against them because (1) they are individual employees who cannot be held liable under Title VII, and (2) as employees of Children's Hospital, their actions were not "under color of state law" and they therefore cannot be held liable under 42 U.S.C. § 1983. (Doc. 18).

Plaintiff argues that as employees of Children's Hospital, the individual defendants are subject to liability under both Title VII and § 1983. Plaintiff contends that while a majority of federal district courts have held that supervisory employees cannot be held individually liable under Title VII, the First Circuit Court of Appeals and a handful of district courts have held

3

otherwise. (Doc. 21, p. 2). Plaintiff does not cite any authority for her position that the individual defendants are subject to liability under § 1983.

In reply, defendants argue that plaintiff has failed to satisfy the Court's Order to Show Cause why the motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 19). Defendants note that plaintiff filed her opposing memorandum 35 days after the deadline imposed by S.D. Ohio Civ. R. 7.2(a)(2), and she did not provide an explanation for the delay. They argue that the Court should therefore consider the motion to dismiss to be unopposed and grant it for the reasons set forth in the motion.

On September 8, 2010, the Court ordered plaintiff to show cause within 20 days why defendants' motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 19). Plaintiff was advised that failure to comply with the Order would result in a Report and Recommendation to the District Judge that defendants' motion be granted. Plaintiff complied with the Order to Show Cause by filing her response to defendants' motion to dismiss on September 28, 2010. (Doc. 21). Thus, it is not appropriate to construe defendants' motion as unopposed and to grant it pursuant to either the Order to Show Cause or Rule 7.2(a)(2), which provides that the Court may have cause to grant a motion when a party fails to file an opposing memorandum. Accordingly, the undersigned will consider plaintiff's memorandum in opposition to the motion to dismiss.

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d

603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rather, to survive a motion to dismiss, the complaint must allege facts which, if accepted as true,

are sufficient to both "raise a right to relief above the speculative level" and "state a claim to relief

that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal* 129

S.Ct.1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949).

When construing the complaint of an individual proceeding pro se, the Court must bear in

mind that pro se pleadings are held to less stringent standards than formal pleadings drafted by

lawyers. *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003).

Plaintiff has not stated a claim for relief against the individual defendants under Title VII.

It is settled law in the Sixth Circuit that an individual employee/supervisor, who does not

otherwise qualify as an "employer," is not subject to personal liability under Title VII. *Wathen v.

General Electric Co.,* 115 F.3d 400, 405 (6th Cir. 1997).[3] Title VII defines "employer," in

pertinent part, as a "person engaged in an industry affecting commerce who has fifteen or more

employees . . ." 42 U.S.C. § 2000e(b). According to the complaint, Gordon, Jenkins and Henry

were employees of Children's Hospital at all relevant times and were not plaintiff's "employer."

Accordingly, the individual employees cannot be held personally liable under Title VII.

Plaintiff has likewise failed to state a claim for relief against the individual defendants

---

[3] Contrary to plaintiff's contention, this is also the law in the First Circuit. *See Fantini v. Salem State College*, 557 F.3d 22, 30 (1st Cir. 2009) ("After reviewing the analysis fashioned by all of our sister circuits, we are persuaded by their analysis and therefore take this opportunity to determine as they have that there is no individual employee liability under Title VII.").

under 42 U.S.C. § 1983. To establish a claim under § 1983, the plaintiff must prove that "(1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights,* 265 F.3d 399, 405 (6th Cir. 2001). The complaint does not allege that the individual defendants were acting under color of state law. Nor does the complaint provide any indication that these defendants' actions could be construed as having been taken under color of state law. Thus, plaintiff's complaint against the individual defendants does not satisfy the second element of a claim under § 1983. *See id.*

## IT IS THEREFORE RECOMMENDED THAT:

Defendants Alan Henry, Ann Marie Jenkins and Erin Gordon's motion to dismiss (Doc. 18) be **GRANTED**.

Date: 1/20/2011

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LINDA SPRINGS,
              Plaintiff,

                                      Case No. 1:10-cv-213

      vs

                                        Weber, J.
                                        Litkovitz, M.J.

CINCINNATI CHILDREN'S
HOSPITAL MEDICAL CENTER, et al.,
              Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br><br>**X** ☑ Agent ☐ Addressee<br><br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Linda Springs<br>3025 Glenview Avenue<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br><br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 0903 |

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540