UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA SPRINGS,
    Plaintiff,

vs.

CINCINNATI CHILDREN'S
HOSPITAL MEDICAL CENTER,
    Defendant.

Civil Action No. 1:10-cv-213

Weber, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on (1) plaintiff's motion to compel production of documents and a privilege log (Doc. 47) and defendant's opposing memorandum (Doc. 49), and (2) plaintiff's motion to allow written depositions of non-parties and for an order directing defendant to provide non-parties' addresses (Doc. 50) and defendant's opposing memorandum (Doc. 51).

1. **Motion to compel production of documents**

Plaintiff asserts that defendant failed to provide certain documents she requested which are relevant and reasonably calculated to lead to the discovery of admissible evidence. In addition to seeking to compel such documents, plaintiff asks that defendant be required to produce a privilege log describing the nature of any documents, communications, or things not produced or disclosed so that she and the Court can ascertain whether the privilege asserted by defendant applies. (Doc. 47 at 1-2). Defendant contends that plaintiff's motion must be denied because plaintiff did not comply with the requirements of Fed. R. Civ. P. 37 by conferring or attempting to confer with defendant prior to filing the motion; she failed to include a good faith

certification in her motion; and her document requests are outside the scope of Fed. R. Civ. P. 26. (Doc. 49).

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

Plaintiff's motion fails to include the necessary certification that plaintiff conferred or attempted to confer with defendant about the instant discovery dispute prior to filing her motion to compel with the Court. Nor is there any indication from plaintiff's motion that the parties attempted to resolve this dispute prior to the filing of the motion and seeking the Court's intervention. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court. F.R. Civ. P. 37(a)(1)." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). *See also Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large

number of cases, in resolution of discovery disputes by counsel without intervention of the Court."). The Court will therefore deny plaintiff's motion for failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

### 2. Motion to allow written depositions of non-parties

Plaintiff filed her motion to allow written depositions of non-parties on December 15, 2011, after defendant objected to interrogatories plaintiff had submitted to it during discovery on the ground that the interrogatories requested answers from non-parties. (Doc. 50 at 1-2). Defendant argues that plaintiff should not be allowed to conduct the requested discovery because she filed her motion after the close of discovery and defendant has since moved for summary judgment, so that defendant would be prejudiced if the additional discovery were allowed. (Doc. 51 at 1-2).

The Court will deny plaintiff's motion to allow written depositions of non-parties. The discovery deadline was extended at plaintiff's request and expired on December 14, 2011. (Doc. 48). Plaintiff filed her motion to conduct the written depositions the day after the discovery deadline expired. Plaintiff has not offered a valid justification for failing to request the discovery she seeks prior to expiration of the discovery deadline. Moreover, defendant has filed a motion for summary judgment which is pending before the Court, so that allowing plaintiff to conduct the requested additional discovery at this point would unduly prejudice defendant.

---

[1]Having determined that plaintiff failed to satisfy the requirements of Rule 37, the Court need not decide whether the requested discovery is outside the scope of Fed. R. Civ. P. 26.

Accordingly, plaintiff's motion to compel production of documents and a privilege log (Doc. 47) and plaintiff's motion to allow written depositions of non-parties and for an order directing defendant to provide non-parties' addresses (Doc. 50) are **DENIED**.

**IT IS SO ORDERED.**

Date: 2/27/12

Karen L. Litkovitz
United States Magistrate Judge